IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01345-BNB

WALTER L. HUERY,

    Plaintiff,

v.

BEVERLY DOWIS, Physician Health Partners, Colorado Department of Corrections (SCF),
GARY PARDO, Contractor for CDOC, Physician Health Partners (SCF),
DR. PAULA FRANTZ, CMO, CDOC, PHP-CHP,
MS. POPE, C.D.O.C.,
SGT. MULAY, C.T.C.F.,
NURSE BRENDA KATZENMEYER, PHP-CHP, B.V.C.F.,
JOANN STOCK, PHP-CDOC-CHP,
P.A. GABTEL CHAMJOCK, PHP-CHP,
DR. FORTUNADO, UMC Committee, PHP-CHP, Chief Medical Doctor, SCF, and
JOHN DOE AND JANE DOE 1-10,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 21 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Walter L. Huery, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility in Sterling, Colorado. Mr. Huery has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Huery is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Huery will be ordered to

file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and has determined that the Prisoner Complaint is deficient. Although it is clear that Mr. Huery's claims relate to his medical conditions and the treatment he has received, it is not clear what each Defendant did or failed to do that allegedly violated Mr. Huery's constitutional rights. As a result, the court finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Huery fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Huery claims that his rights under the Eighth Amendment

have been violated at various different prisons through deliberate indifference to his serious medical needs. However, as noted above, Mr. Huery fails to allege with specificity what each Defendant did or failed to do that allegedly violated his rights. Instead, despite the fact that the named Defendants include medical and non-medical personnel at different prisons, Mr. Huery makes conclusory allegations that Defendants collectively were and are deliberately indifferent to his serious medical needs. As a result of this lack of specific factual allegations with respect to each named Defendant, the factual basis for Mr. Huery's claims against each named Defendant is not clear.

Therefore, Mr. Huery will be ordered to file an amended complaint if he wishes to pursue his claims in this action. If Mr. Huery fails to file an amended complaint that clarifies the factual basis for the specific claims he is asserting against each named Defendant, the action will be dismissed. Mr. Huery is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Huery file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Huery, together with

a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Huery fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED October 21, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01345-BNB

Walter Huery
Prisoner No. 61463
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/21/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk